Blake D. Miller (4090)
**MILLER TOONE, P.C.**
165 Regent Street
Salt Lake City, Utah 84111
Telephone: (801) 363-5600
Facsimile: (801) 363-5601
e-mail: miller@millertoone.com

James W. Anderson (9829)
**CLYDE SNOW & SESSIONS**
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Fax No.: (801) 521-6280
Email: jwa@clydesnow.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:**<br><br>**COTTONWOOD ESTATES DEVELOPMENT, LLC**<br><br>**Debtor.** | **Bankruptcy Case No. 13-34298**<br>**Chapter 11**<br><br>**Judge R. Kimball Mosier**<br><br>**(Filed Electronically)** |

### OBJECTION TO CLAIM OF MICHAEL J. BODELL (CLAIM 6-1)

Cottonwood Estates Development, LLC, the Debtor and Debtor in Possession of this case, hereby objects to Proof of Claim No. 6-1, filed by Michael J. Bodell ("Bodell") and requests the claim be disallowed. In support of this objection, the Debtor represents as follows:

## BACKGROUND

1. Bodell filed claim 6-1, in the amount of $20,806,264.28, on April 28, 2014, as an unsecured claim (the "Claim").

2. The Claim includes a narrative explanation of its basis, as follows:

> Bodell is entitled to full indemnity as a guarantor from the principal guaranteed party, Debtor, for his exposure to any obligation of Debtor to AFCU under the Guarantys, and each of them, executed by Bodell in favor of AFCU. At this time, AFCU, as a result of its proof of claim, asserts that Bodell's exposure is the amount of AFCU's proof of claim. As such, Bodell's claim here in the sum that AFCU claims against him under his Guarantys.

Claim, p. 5.

3. On July 23, 2014, Bodell filed his Objection to Confirmation of Debtor's Chapter 11 Plan of Reorganization, Dated May 27, 2014 (the "Objection") found at docket 112. In the Objection, Bodell describes his claim as a "contingent contribution and indemnification claim against the Debtor". Objection, ¶ 16.

## THE CLAIM SHOULD BE DISALLOWED UNDER 11 U.S.C. § 502(e)(1)

4. The Claim is self-described as a contingent claim for contribution, to the extent AFCU collects from Bodell, which has not happened yet. As such the Claim is disallowed as a matter of law under 11 U.S.C. § 502(e)(1), which states in relevant part:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that …(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution.

5. Courts routinely hold that guarantor claims for contribution are contingent and disallowed, unless the guarantor has actually paid the creditor. *See, e.g.*, *Matter of Baldwin-United Corp.*, 55 B.R. 885, 895 (Bankr. S.D. Ohio 1985) ("[I]f a codebtor has not paid the

creditor and established his right to payment from the debtor as of the date of the ruling on the objection, his claim is contingent and must be disallowed under § 502(e)(1)(B)."); *In re Early & Daniel Industries, Inc.*, 104 B.R. 963, 967 (Bankr. S.D. Ind. 1989) ("Because [co-obligor] has paid nothing on [creditor's] claim against the Debtor, the Court can allow [co-obligor's] indemnity claim neither as a claim for reimbursement nor as a claim of subrogation.")

6. In this case, because Bodell has not paid AFCU, his claim is contingent and must be disallowed under 11 U.S.C. § 502(e)(1)(B).

WHEREFORE, the Debtor requests that the claim of Bodell be disallowed in its entirety.

DATED this 25th day of July 2014.

            MILLER TOONE, P.C.

            */s/ Blake D. Miller*
            Blake D. Miller

            CLYDE SNOW & SESSIONS

            */s/ James W. Anderson*
            James W. Anderson